IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARY G. WATKINS,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:08-cv-1053**
**CRIM. NO. 2:04-cr-119(3)**
**JUDGE MARBLEY**
**MAGISTRATE JUDGE KEMP**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant petition and respondent's return of writ. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition be **DISMISSED**.

### I. FACTS and PROCEDURAL HISTORY

The United States Court of Appeals for the Sixth Circuit summarized the facts of this case as follows:

> In March of 2002, Watkins and Darryl Jones assaulted and abducted James Doyle as he was entering his home near Reynoldsburg, Ohio. Doyle was the owner of three Quick Cash stores in the Columbus, Ohio area. The men held Doyle at gunpoint and tied him up. They eventually took Doyle to one of the Quick Cash stores and forced him to open the safe. Watkins and Jones took approximately $20,000 from the safe, tied Doyle up, and left the store.
>
> In April of 2002, Jones and two other accomplices assaulted and abducted Ronald Williams at his home in Columbus, Ohio. Williams was the branch manager of the Worthington, Ohio

branch of Sky Bank. The men took Williams at gunpoint to the bank for the purpose of having him open the bank's vault. When Williams put the code into the vault, however, the bank alarm went off and the men fled without taking any money.

Watkins and Jones broke into the apartment of Tanya and Eric Robinson in Columbus, Ohio in June of 2002. The men wore ski masks and brandished guns. They tied up Eric Robinson and locked him and the Robinsons' children in the bathroom, then took Tanya Robinson to Checkland, where she worked. The men forced Tanya to open the Checkland safe, stole $20,900, and fled.

In December of 2002, Watkins and Jones broke into the home of Deanna McGhee in Columbus, Ohio and abducted her, her husband, and her six-year-old son at gunpoint. The men took the family to Cashland, where Deanna worked. The men forced Deanna to open the safe at gunpoint and then fled with the McGhees' car and approximately $10,800 in cash.

Watkins and Jones abducted Steve Kauff in his car at gunpoint and forced him to drive to his home in Columbus, Ohio in May of 2003. At Kauff's home, the men abducted Kauff's wife, Amanda, and their three young children. The men brandished guns and told the family that they wanted Amanda to help them steal money from the Whitehall Credit Union where she worked. Jones then forced Amanda to drive the family to the credit union. The men put Steve and the children into a separate room, and Watkins took Amanda to open the vault. After Watkins took approximately $145,100 from the credit union vault, the men fled.

In July of 2004, Gary Watkins and Eric Watkins invaded Linda Battaglia's home in Groveport, Ohio and abducted her and her two daughters at gunpoint. The men forced Battaglia and her two children to drive with them to the Western Credit Union where Battaglia worked. Battaglia did not have the combination to the safe, so the men tied up Battaglia and her children and held them in the credit union until a supervisor with the combination to the vault arrived. When Deborah Anderson, the vault supervisor, arrived at the credit union, the

> men forced her at gunpoint to open the vault. The men took approximately $643,000 from the vault and fled.

*United States v. Watkins*, 509 F.3d 277, 279-80 (6th Cir. 2007). Petitioner was tried by a jury and convicted on two conspiracy counts, three counts of violating the Hobbs Act, 18 U.S.C. §1951, three counts of armed bank robbery, and six firearms counts under 18 U.S.C. §924(c). In September, 2005, this Court sentenced petitioner to an aggregate term of 1,772 months' imprisonment plus five years of supervised release.

Petitioner filed a timely appeal in which he asserted that the evidence was insufficient to sustain his convictions for violating the Hobbs Act and that his sentence was imposed in violation of the Federal Sentencing Guidelines and the Eighth Amendment. *See United States v. Watkins, supra.* On December 14, 2007, the United States Court of Appeals for the Sixth Circuit affirmed the District Court's judgment. *Id*.

On November 6, 2008, petitioner filed the instant *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. He asserts the following claim, in these words:

> Ground one: Ineffective assistance of Appellate Counsel, the Sixth Amendment guarantee was violated when appellate counsel failed to properly challenge district court's imposition of erroneous 1,772 month sentence, as determined by U.S.S.G. §5G1.2(d), inter alia, appellate counsel failed to challenge court's failure to consider factors relevant to sentencing under 18 U.S.C. §3553(a) (1-7); appellate counsel did not request court to state it's reason for imposing 1,772 month sentence in violation of §3553(c)(2).

It is respondent's position that this claim is without merit.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687 (1984); *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Strickland*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Id.*, at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776 (1987). Defendants appealing their criminal convictions enjoy the same Sixth Amendment right to the effective assistance of counsel on a direct appeal as of right that they have during t

trial. While appellate counsel is not expected to raise every nonfrivolous issue on direct appeal, counsel is obligated to provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). As with an ineffective assistance of trial counsel claim, a petitioner must demonstrate that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 696; *Sims v. Livesay*, 970 F.2d 1575, 1579-81 (6th Cir.1992).

### III. THE MERITS OF PETITIONER'S CLAIM

#### A. The Sentencing Guidelines Claim.

The first issue about which petitioner claims his appellate counsel was ineffective relates to the length of the sentence given and, in petitioner's view, the fact that it exceeded the maximum allowable sentence under the Sentencing Guidelines. In order to explain this claim, it is necessary to review how the Court calculated the sentence which was given.

As the Judgment and Commitment order (#157) explains, in addition to the special assessment, supervised release term, and restitution imposed, the Court sentenced petitioner to a term of imprisonment of 188 months on counts 1, 2, 4, 6, 9, 11, and 13, to run concurrently with each other. Those were the Hobbs Act conspiracy count, the three Hobbs Act counts, and the three armed bank robbery counts. He also received a concurrent sentence of 60 months on count 8, the bank robbery conspiracy count. Petitioner was given an 84-month consecutive sentence on count three, the first §924(c) count, bringing his total

sentence at that point to 272 months. Finally, he was given 300-month sentences on the remaining five §924(c) counts, all of which were run consecutively to the sentences on the other counts and to each other. The total of the sentences on those five counts was 1,500 months, so the aggregate sentence was 1,772 months.

As noted above, appellate counsel challenged this sentence on appeal. However, counsel raised only one ground: that the sentence was grossly disproportionate to the underlying crimes and violated the Eighth Amendment's prohibition against cruel and unusual punishment for that reason. Petitioner filed a *pro se* brief raising a second sentencing issue, namely that this Court misinterpreted Sentencing Guidelines §2K2.4 by adding a five-level enhancement to the offense level for the underlying crimes for use of a firearm, something that is not to be done when there are separate convictions on §924(c) counts. The Court of Appeals ruled against petitioner on both claims, holding, with respect to the latter claim, that this Court had not applied the five-level enhancement.

In his motion to vacate, petitioner claims that counsel should have argued that any sentence in excess of 300 months violated the Sentencing Guidelines, and that counsel was constitutionally ineffective for failing to do so. He bases this argument on the application notes to Sentencing Guidelines §5G1.2(d), which, as he reads them, prohibit the imposition of consecutive sentences under §924(c) to the extent that those sentences would produce an aggregate sentence which is longer than the statutory maximum for the most serious count of conviction. Here, the armed bank robbery charge carried a maximum sentence of 25 years, or 300 months. 18 U.S.C. §2113(a), (d). Thus, according to petitioner, this Court

6

erred by sentencing him to more than 300 months in prison, and appellate counsel was ineffective for failing to raise this argument on appeal.

Section 5G1.2 relates to the calculation of a sentence when there are multiple counts of conviction. In the very first subsection, it states the rule which applies to the situation where "the sentence [is] to be imposed on a count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such term of imprisonment be imposed run consecutively to any other term of imprisonment ...." In that case, the calculation of the sentence "shall be determined by that statute and imposed independently." 18 U.S.C. §924(c) specifically provides for a seven-year term of imprisonment for the first conviction when a firearm has been brandished, and for twenty-five years of imprisonment for all subsequent convictions. It also states that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence ... during which the firearm was used, carried, or possessed." Thus, §924(c) is both a statute which "specifies a term of imprisonment to be imposed" and a statute which "requires that such term of imprisonment ... run consecutively to any other term of imprisonment." Therefore, this section of the Sentencing Guidelines required the Court to calculate the sentences for the §924(c) convictions pursuant to that statute and to impose that sentence independently of the Guidelines. That is exactly what the Court did, and any argument on appeal that the Court misapplied the Sentencing Guidelines in this regard would have been rejected. Appellate counsel

therefore cannot be faulted for having failed to make such an argument.

Petitioner cites to language in the Application Notes to §5G1.2(d), which, in his view, compels a different result. The Court reads those Notes differently. Application Note 2 specifically states that Subsection (a) applies to statutes such as 18 U.S.C. §924(c) and that, with the exception of certain career offender situations which do not apply here, "the term of years to be imposed consecutively is the minimum required by the statute and is independent of the guideline sentence on any other count." This language reinforces the conclusion that there was no legitimate argument to the contrary which could have been made to the Court of Appeals. Similarly, Sentencing Guideline §2K2.4(b), to which petitioner also cites, states that if a defendant is convicted of a §924(c) offense, "the guideline sentence is the minimum term of imprisonment required by statute." The Application Note to that section points out that "a term of imprisonment imposed under that section (i.e. §924(c)) shall run consecutively to any other term of imprisonment." In short, there is simply no legal support for petitioner's claim that the sentences on his six §924(c) sentences could not legally have been imposed consecutively to his other sentences, and to each other. Exactly the opposite is true. For all of these reasons, petitioner's first assertion of ineffective assistance by his appellate counsel lacks merit.

### B. The §3553(a) Claim

It is somewhat hard to tell the difference between petitioner's Sentencing Guideline claim and his claim that the Court did not consider the other factors relative to his sentence under 18 U.S.C. §3553(a). That subsection reads as follows:

(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be

incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced. [footnote omitted]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Petitioner does not appear to argue that the Court disregarded one or more of these factors. Rather, he again asserts that under the Guidelines themselves, the total sentence imposed could not have exceeded 300 months and, in fact, should not have exceeded 248 months - the 188 months he received for the underlying conspiracy and robbery counts, plus 60 months on the first §924(c) conviction. He concludes by stating that "[e]verytime, during proceedings such as the case at bar, the second or subsequent §924(c) sentence is imposed, the resulting sentence will always exceed the maximum guideline sentence, this is error and a clear violation of ... 18 U.S.C. §3553(a)(1-7) (Sentencing Factors)." Petitioner's memorandum, at 13.

As discussed above in connection with petitioner's claim about the Sentencing Guidelines, those Guidelines actually require the Court to impose consecutive sentences

under §924(c) independent of any other sentence suggested by the Guidelines. Section 924(c) itself contains a similar requirement. Further, the Court may not use the factors set forth in §3553(a) to reduce a mandatory minimum sentence. As the court noted in *United States v. Roberson*, 474 F.3d 432, 436 (7th Cir. 2007), §3553(a) "cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress." In that case, which, like this one, also involved convictions for robbery and under §924(c), the court stated that "the district judge was therefore required to determine the proper sentence for the bank robbery entirely independently of the section 924(c)(1) add-on ...." *Id.* at 437. That is what this Court did, and it simply added the §924(c) sentences after it did so. In fact, had it reduced that sentence based on the fact that it would be imposing additional and consecutive sentences under §924(c), that would have been error. *See also United States v. Chavez*, 549 F.3d 119, 135 (2d Cir. 2008); *United States v. Hatcher*, 501 F.3d 931 (8th Cir. 2007). Courts have also soundly rejected the notion that the general factors in §3553(a) can be used to reduce any mandatory minimum sentence prescribed by Congress. *See, e.g., United States v. Samas*, 561 F.3d 108, 110-11 (2d Cir. 2009). For these reasons, appellate counsel did not perform unreasonably by failing to make a similar argument in the context of petitioner's appeal.

### 3. The Statement of Reasons Claim

Petitioner's third and final argument is that appellate counsel was ineffective for failing to raise the claim that the Court erred by not stating the reasons why it imposed a sentence of 1,772 months. He cites to 18 U.S.C. §3553(c)(2), which provides that "[t]he

11

court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence ... is outside the range [ ] described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described ...." He then asserts, relying on a number of decisions from the Court of Appeals, that if such a statement of reasons is not given in support of an upward departure from the sentence suggested by the Sentencing Guidelines, reversal is automatic. Consequently, he contends that his appellate counsel was ineffective for failing to raise this argument.

The primary flaw in petitioner's position is that the sentence imposed in this case was not an upward departure from the Sentencing Guidelines. The Guidelines do not, as discussed above, apply to the imposition of consecutive sentences under §924(c). The sentence on the other counts was within the Guideline range. At sentencing, petitioner's counsel acknowledged that any issue concerning an upward departure was "pretty much moot because the Court is not considering an upward departure in this case." Sentencing Transcript, Doc. #185, at 8. Therefore, there was no statutory requirement here that the Court explain why it departed from the Sentencing Guidelines, because it did not.

That is not to say that §3553(c) does not require any articulation of reasons when a sentence falls within the applicable Guideline range. As the Court of Appeals has explained, "the lack of discussion of the relevant [§3553(a)] factors on the way to fashioning a sentence that is 'sufficient, but not greater than necessary' to achieve the goals stated in section 3553(a) may lead to a finding of procedural unreasonableness" even when the chosen sentence is within the range suggested by the Guidelines. *United States v. Johnson*,

488 F.3d 690, 699 (6th Cir. 2007). Here, the Court stated at sentencing that "[b]ased on the nature of the crimes and the comments of the victims and the horror that you visited upon these people, this sentence is proportionate in light of the offense committed." Sentencing Transcript, at 37. This statement clearly indicated that the Court understood its obligation not only to take the Sentencing Guidelines into account, but also to make an independent determination that the sentence was no longer than necessary to serve the purposes of sentencing. The *Johnson* court, quoting from *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005), observed that "[T]here is no requirement that the district court engage in a ritualistic incantation of the §3553(a) factors it considers." *Johnson*, 488 F.3d at 699. Further, even if the Court's statement of reasons was procedurally insufficient, that would have had no effect on the mandatory consecutive sentences imposed under §924(c), which totaled 132 years. Appellate counsel can hardly be faulted for failing to raise an argument which was not terribly likely to succeed, and, even if it did, would have had no effect in reducing petitioner's sentence to anything less than 132 years plus whatever sentence the Court ultimately chose to impose on the other eight counts of conviction. Therefore, this last claim also lacks merit.

## IV. RECOMMENDED DISPOSITION

For the reasons set forth above, it is recommended that the petition for relief pursuant to 28 U.S.C. §2255 be DENIED.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within

fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp  
United States Magistrate Judge
