IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY G. WATKINS,

        CASE NO. 2:16-CV-00613
  Petitioner,        CRIM. NO. 2:04-CR-119(3)
        JUDGE ALGENON L. MARBLEY
  v.       MAGISTRATE JUDGE KEMP

UNITED STATES OF AMERICA,

  Respondent.

## OPINION AND ORDER

Petitioner, a federal prisoner, has filed an *Amended Second-In-Time Motion to Correct Sentence Under 28 U.S.C. § 2255.* (ECF No. 284.) This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner was convicted after a jury trial on two conspiracy counts, three counts of violating the Hobbs Act, 18 U.S.C. § 1951, three counts of armed bank robbery, and six firearms counts under 18 U.S.C. § 924(c). In September 2005, the Court sentenced Petitioner to an aggregate term of 1,772 months' imprisonment plus five years of supervised release. On December 14, 2007, the United States Court of Appeals for the Sixth Circuit affirmed the District Court's judgment. *United States v. Watkins*, 509 F.3d 277 (6th Cir. 2007). On November 6, 2008, Petitioner filed his first *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 198.) On July 20, 2010, the Court denied the motion. (ECF No. 233.)

On June 24, 2016, Petitioner, through counsel, filed the instant *Amended Second-In-Time Motion To Correct Sentence Under 28 U.S.C. § 2255.* (ECF No. 284.)  He asserts that, pursuant to *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015)(declaring the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) to be unconstitutionally vague), his Hobbs Act and armed robbery convictions no longer qualify as predicate offenses under 18 U.S.C. § 924(c)(1)(A), subjecting him to a mandatory minimum consecutive term of 7 years to life on the firearms convictions and a mandatory minimum term of 20 years on the Hobbs Act conviction.  (PageID# 3036.) Petitioner asserts that, in view of *Johnson*, his 6 convictions and sentences for 18 U.S.C. § 924(c)(1)(A) offenses are void.  (*Id.*)

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing.  *In re Smith*, 690 F.3d 809 (6th Cir. 2012).  Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit.  *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997)

Petitioner argues that this action does not constitute a successive § 2255 motion, because he could not have earlier raised a claim under *Johnson.  See, e.g., Magwood v. Patterson*, 561 U.S. 320 (2010)(second habeas petition challenging newly imposed judgment does not constitute a successive petition);

However, 28 U.S.C. 2244(b)(2) provides that

2

> [a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[.]

Such are the circumstances here.  Further, "[i]n addressing the question of whether a second petition raising a claim under *Johnson* constitutes a successive 2255 petition, many courts have concluded that it does."  *United States v. Marshall*, No. 09-cr-20536-06, 2015 WL 7756107, at *2 (E.D. Mich. Dec. 1, 2015)(citing *Anderson v. Snyder-Norris*, No. 15-CV-57-HRW, 2015 WL 5174234, at *4-5 (E.D. Ky. Sept. 2, 2015)(citing *Cockrell v. Kreuger,* No. 15-cv-1279, 2015 WL 4648029 (C.D. Ill., 2015); *Wood v. Maiorana*, No. 3:CV-15-1409, 2015 WL 4663267, at *2-6 (M.D.Pa. 2015); *Barrett v. United States*, Nos. 2:15-CV-02876, 2:11-CR-00173, 2015 WL 5836011 (S.D. Ohio 2015))  This Court reaches that same conclusion.

Therefore, because Petitioner has filed an earlier § 2255 motion, the *Amended Second-In-Time Motion To Correct Sentence Under 28 U.S.C. § 2255* presently before the Court constitutes successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it.

Therefore, Petitioner's *Amended Second-In-Time Motion to Vacate Under 28 U.S.C. § 2255* (ECF No. 284) is  **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

    **IT IS SO ORDERED.**

    **/s/  ALGENON L. MARBLEY**
    ALGENON L. MARBLEY
    United States District Judge